Here to give this honorable appellate court for the 2nd Judicial District is now open, the Honorable Robert B. McLaren, presiding. Pleased to be seated. Your Honor, the first case on the docket this morning is 2-22-0351, in reign of the marriage of Megan B. Vermaaten, Petitioner Appellee, and Jacob A. Vermaaten, Respondent Appellate. Arguing on behalf of the Appellant, Mr. Randy A. Johnson. Arguing on behalf of the Appellee, Mr. Anthony Becchiolo. Thank you, Mr. Johnson. You may proceed. Good morning, Your Honors. May it please the Court, Counsel. Your Honors, the matter that really precipitated this appeal, and from where the problems in this case arose, was when the trial court determined that it would apply its notion of special circumstances, and pass policies in ruling on Jacob Vermaaten's request to appoint an expert under 604 B and C of the Marriage and Dissolution of Marriage Act. Counsel, could I ask a question or two, please? There was some procedural aspects of this case that raised the issue of subject matter jurisdiction, but it doesn't seem like you necessarily raised that in the appeal, if I'm correct. I did not. And the reason, Your Honor, is after I reviewed everything, including the UCCJA, I made a determination that it wouldn't be appropriate for me to raise it. I didn't think there was a sufficient legal basis to raise the issue. And, of course, there could have been, I suppose, a motion to transfer value on an interstate matter, but my experience with that has been it's not often ever allowed. So the odd aspect is, if the court didn't have subject matter jurisdiction, then I don't think, and you can agree or disagree, I'd be curious what you thought, it wouldn't have made any difference whether or not the client's trial lawyer presented evidence or not, because if the court didn't have subject matter jurisdiction, the attorney could not waive this defect by presenting evidence. So do you have any idea why he didn't present evidence? I believe, Your Honor, that he felt that the case properly should have been laid in Ohio and felt that in order to properly preserve that aspect of it... And that stockpile might have arisen in Ohio or the other state? Ohio was actually the home state of the children and the former wife, Megan. Okay, you've answered. And what happened was at the time of the entry of the original judgment, the parties agreed for her to relocate the children there. I mean, there was no, so there was really never a fight on the relocation. Okay, thank you. Your Honor, with respect to the question here, it's a question really of statutory interpretation. How did the court interpret 604 of the statute in its ruling? Because of that and because it added these other factors, these past policies of the court... The best interest of the children is what the court was really focused on, wasn't it? Pardon me, Your Honor? The best interest of the children. The trial court talked about the best interest of the children. But, Your Honor, I understand that. Except the court got to best interests by saying there are no special circumstances here. Let me ask you this. Did Jacob raise this challenge to the trial court's interpretation in the trial court? I believe he did. Where at in the record? As far as jurisdiction? No, no, in terms of the court's interpretation in 604.10. Well, I think he... The court itself ruled throughout the... It was almost an ongoing discourse between the trial attorney, Jacob, and the court about how it was going to interpret 604 BNC. And the trial court... And I'm glad the court asked that question. The trial court said... And I want to quote... I want to quote this exactly, Your Honors. At page... Record page 96. The court said, toward the bottom of the page, I found before that there were no special circumstances that we needed to do that. And that's within my discretion. The problem is no one knows what these special circumstances are. They're not included in the statute. And because... Is the statute limited to just the factors listed? Or is it other factors the court can consider? Well, I think that in accordance with the... Because you don't know what the court meant by special circumstances. Exactly. The court misinterpreted the statute. Yes. Not only did it say special circumstances. I didn't find special circumstances. It's right there on the record. The court also said, well, my policy has been... One of the policies that the court exercised was asking the guardian ad litem how it should rule on the motion. And what's wrong with that? Pardon me? What is wrong with that? Your Honor, it makes... Because the rule says the court can seek advice, correct? It makes the guardian ad litem... It makes the guardian ad litem become like a surrogate court under 506 of the statute. It moves the guardian ad litem basically to have a surrogate role deciding legal issues as opposed to doing an investigation and giving a report on the facts. That's the problem with asking the guardian ad litem how it should rule on a motion for appointment of a 604 expert. The motion to appoint related to appointing a court's evaluator as opposed to C, which relates to appointing a party's evaluator. Is that not correct? That is correct. There seems to be some issue in the record as to whether or not C was ever requested by the trial attorney. Your Honor, in fact, while Jacob did not request a section C evaluator in writing, he certainly did orally, and the court ruled and denied that request as well at record pages 92 through 97. And at that point, when the court ruled on the oral request... Did you remember what the trial judge said, which was... He concluded that the trial attorney was looking for as many possible sources of expertise that would coincide with his client's position. And if there wasn't... I believe the trial judge suggested, okay, so I appoint a B evaluator and it says what the guardian has told me. Then you come back and you ask for a C evaluator. So that evaluator being hired by you probably would render a favorable opinion of your client's position. And didn't the judge suggest that there's been enough inquiries and enough interrogations of the children already? Your Honor, the court felt, and I would agree with your question, that the court's guardian item was plenty. There's no question about that. But the justification for it is really thin, and here's why. While the court did not criticize Mr. Vermonten's trial counsel for doing all he could to represent his client, although ultimately Mr. Vermonten was hit with an attorney fee award because of it, the court really speculated as far as why the lawyer was trying to get an evaluator. There have been many cases, at least in my experience, when a lawyer who represents somebody, represents a client, you may want to get an evaluator thinking, you know what? This evaluator very well may come back with the same type of a recommendation as the guardian had lied to him. And so then I can tell my client, you know what? We're barking up the wrong tree. There are a whole lot of reasons why a lawyer might want to get an evaluator. And I think that it was wrong for the court to simply assume that this was like a gambling game trying to harm these children. There's a lot of professional reasons why a lawyer would want an additional evaluator, other than to strategically help themselves at trial. Why the delay? Pardon me? Why the delay? The GAL was appointed November 16th, and the dad filed his motions responsive to the mother's December 3rd. The GAL issued the report April 5th, and it was April 20 that the initial motion was filed. I understand. Why the delay? Fifteen days after receiving a receiver. You could have asked for this in response to the mother's petition. You certainly could have asked for this in conjunction with your own petition. He could have. Absolutely could have. But at the point when you did it, at that point months had been sunk into the case, and there's just no question that the hiring of another expert or the hiring of an expert would add months more. Correct? That's true, isn't it? Again, respectfully, I have to take the position here that while one view of this might be timing and thinking that you just want to try and stack the deck. But it is a factor. That timing is a factor. It may not be the be-all, end-all. And from your point of view, the timing might be justified. Let me just finish my question, counsel, or even logical. Excuse me, I hadn't finished my question. But it was proper for the trial court to take the timing into consideration, wasn't it? It's okay for him to talk about that or think about that as he exercises his discretion. I understand that the court ran really a running discourse throughout many pages concerning this. And that certainly is not an unreasonable, perhaps, implication to make. But there are other implications that are just as reasonable as far as an attorney trying to represent his client. Sometimes the lawyer has to do things to show the client the light of day. And maybe getting another evaluator would have been the way to go. I can understand that. However, our standard of review is abuse of discretion, at least when it comes to the ultimate decision of the trial court. I am cognizant that you raised a de novo aspect in your briefs. But ultimately, the decision is abuse of discretion. Ultimately, the court stayed with its position and said, based upon the special circumstances, which I didn't find any, and my past policies, after the court read those items into the statute, it denied Mr. Vermont's petition both under B and C of 604 to have an evaluator. And when the court made that statutory construction, it abused discretion pursuant to the case law I've cited. If you could make a short comment about the other issue on appeal regarding attorney's fees. Yes, Your Honor. Thank you very much. It's been alleged that somehow, first of all, that the appellant, through his arguments, have misled this court. I don't believe so. Not one bit. I think our reply brief stands on its own. And I don't, and as far as the fee award itself, after the court made the legal error under 604, under this court's case in Burns and Lifford, it abused its discretion. And then we flow into this fee award situation, and the fee award then becomes just as tainted as did the court's original decision on 604. Thank you very much, Your Honor. Thank you. You'll have an opportunity to make your button. Mr. Beccioli. Is that how you pronounce your name? That was perfect, Your Honor. And your marshal got it right there. It doesn't usually happen that way. Thank you. Good morning, honorable justices. Thank you for your time today. What's your comment relative to special circumstances? Your Honor, I didn't see that in the record. I don't see the judge reading any special circumstances. I don't, you know, I think a lot of the Well, did he enunciate what the special circumstances were? No, I'm not aware of any special circumstances. Well, he at least enunciated his lack of a preference or desire for having the children interrogated more than once. I would agree with that, Your Honor. So was there anything else that he indicated why he was ruling in favor of your client? Well, I believe, you know, just to back up a little bit to try to answer your question, I think under 60410B, right, this is a may, this is at the court's discretion whether or not to grant a court's witness. In this case, the court heard testimony from Mr. Vermotten, argument from his counsel, recommendations from the guardian ad litem, and he took that all into consideration, and he found that he didn't think it was in the children's best interests. He did, you know, the talk of special circumstances, as I believe if you look at the record, he says, I don't see any special circumstances here that makes me feel like I need somebody else in this matter. Maybe if there were, that would be when I would consider appointing somebody additional. But when I have to balance that against the best interest of the children, having them have to participate in some sort of additional investigations, the weights just don't add up. Was there an allegation by Mr. Vermotten relating to Mrs. Vermotten attempting to poison the well relative to his relationship with his children? At that time, I believe there was, Your Honor. As we discussed before, the record kind of changed. A serious allegation? That is a serious allegation, and one that I believe the trial court thought the guardian ad litem could sufficiently investigate and report on. Do you agree with Mr. Johnson's reference to the GAL as giving a legal opinion as opposed to a factual opinion? Not at all, Your Honor. I don't. Tell me why not. Well, as it relates to the appointment of an evaluator, you know, the trial court did not really actually inquire very deeply of the guardian ad litem. I think the trial court was really at a base level asking the guardian ad litem, you know, what's your position on the appointment of an evaluator, you know? Are you in favor of it, yes or no? Is this particular guardian ad litem a licensed attorney as well as apparently someone who's been a guardian for quite some years? I can't say for certain, but I feel pretty confident that would be correct. I thought I remember the judge saying something about going to law school with this person or something. That could be wrong. My experience, Kendall County is one of the smaller counties as opposed to something like Cook County, so you see the same people most days. I don't have any other questions. Okay, thank you, Your Honor. Did the counsel ever move in writing for a counsel's evaluator on reception C? Absolutely not. So I think that is very clear in the record. The pleading itself filed by Mr. Vermotten clearly only requests an evaluator pursuant to 60410B, which, again, is a may completely at the court's discretion, which I think the court applied appropriately here. As Your Honor, Justice McClain stated, things were a little bit odd in the record here. The whole mention of a 60410C was kind of off the cuff, almost requesting an advisory opinion of the court. So I don't – there was no pleading filed on that. I don't consider that a hearing. I consider that some – if you would call it dicta. But even if the court were to entertain that that was some sort of oral motion, I believe the court's reasoning is still sufficient under the standards of 60410C, which says that even though it's a shall regarding an appointment of an evaluator, there's some exclusions unless the court finds it's not in the best interest of the children. And the court was very clear that he had considered the best interest factors and he did not find an appointment of an evaluator to be in the children's best interests. And a little bit more attention to, you know, the court allowing the guardian ad litem to tell the court how to rule. That's Mr. Verman's position basically is that the guardian ad litem here was really the judge, really the one making the decision. And I just don't think the record supports that at all. The trial court was clear that the decision was its own. You know, throughout the record he says, I don't rubber stamp GALs. I'm the one making the decision. You know, he was clear, hey, look, I rely on my guardian ad litems. And I think that's a statement you get from a lot of judges. And I think that's the point of the statute. Guardian ad litem is in a place to investigate and make recommendations to the court. So for the court to ask the opinion of the guardian ad litem in this matter I think is absolutely appropriate. But the court was clear. It considered testimony, argument, best interest factors, and made the decision on its own. So I think as it relates to the function of a guardian ad litem. I tell my clients that they're the eyes and the ears of the court, that they're the court's witness, that judges are not in a position to learn intimately about every family.  Aren't they supposed to advocate on behalf of the minors or the beneficiaries of the guardianship? Yeah, I think there's a distinction there. I think their job is to make recommendations as to what they think are in the best interest of the children. So, you know, they're not an attorney for the child, so they're not moving forward the child's agenda. But they are, based on their investigation and what they've learned, trying to set forth the best position possible regarding the best interest of the children. So that's how I view that. What in the record justifies the court's decision to impose fees for, I believe it was the motion, for a motion brought by the father? Yeah, so there was a petition for fees in this matter. There was three counts. Count two was related to what was titled vexatious litigation. And the court found there that as it relates to the pleading brought by Mr. Vermotten to disqualify the GAL, that it was improper. So the court was pretty clear in its record that he looked at 508B, where it says that if a court finds that the action was precipitated or conducted for an improper purpose, and he said he did find that, that the court shall allocate fees. Shall, has to, must. And the court directly related its decision on the fees to the time that was alleged to be spent in relation to that motion to disqualify, which frankly was quite a bit of court time, two afternoons. So as that relates to Mr. Vermotten's appeal, I believe Mr. Vermotten's appeal incorrectly tries to tie that fee award to issues with the judge's decision for an evaluator. But when you look at the record, the decision related to those 508B fees, the count two, the judge was clear it was solely related to the motion to disqualify and had nothing to do with the request for an evaluator. So I think, your Honorable Justices, with your questions, you kind of got me to hit all my highlights, so I don't have any further argument before you unless there's any other questions I can answer. I'll concede the rest of my time. Thank you. Mr. Johnson, you may proceed with your rebuttal. I believe the court's question as far as the guardian-invited purpose is very pertinent here. And the trial court, I believe, based on the record, based on the citations to the record, in our reply brief, in fact there were six or seven or eight of them, bullet points on page three of our reply brief, I think the trial court used this guardian ad litem as a surrogate judge. The most egregious is the bullet point after the court expressed its belief that 604 evaluation motions are made by move-ons because they just don't like the guardian ad litem's recommendations. And then they will then file a motion to get a second evaluation said, quote, that's why I'll just need, are you in favor of it or are you not, Ms. Weiss? Ms. Weiss, I'm not, your Honor. It was a direct question to the guardian ad litem how it should rule on the 604 motion. And under 506 of the statute, that's inappropriate. No one knew what the special circumstances were that the trial court was talking about here. The trial court improperly read those into the statute, and when it did, it abused its discretion in ruling on the 604. And as far as whether or not there was a motion filed, I've already cited to the court the specific pages in the record where the trial court entertained further or request to make a finding specifically on 604B and C, and the court said I would deny them on the same rationale. 604C requires written notice and a motion, a timely written notice and a motion, correct? The court certainly didn't require it. The statute requires it. Perhaps, but it didn't seem to deter the court from making the ruling that it saw fit. And at that time, it certainly didn't ask for the other side's position on it. Well, we can affirm for any basis supported by the record, correct? I believe every single thing that we've alleged respectfully, Your Honor, is supported by the record. Thank you very much. Thank you. We have other cases on the call. We'll take a recess.